
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X

LUIS ALBERTO ALADINO,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.
--------------------------------------------------X

MEMORANDUM
AND ORDER
05-CR-0519 (CBA)
06-CR-0087 (CBA)
06-CR-0467 (CBA)

AMON, United States District Judge:

      Petitioner, Luis Albert Aladino, appearing *pro se,* moves to "appeal his sentence to the District Court" under docket numbers 05-CR-519, 06-CR-87, and 06-CR-467 on the grounds of ineffective assistance of counsel. Petition, p. 1, 4.

      On September 26, 2007, petitioner was sentenced to concurrent terms of two hundred twenty months for drug offenses under criminal docket numbers 05-CR-519 (CBA) and 06-CR-87 (CBA). On October 17, 2007, petitioner was sentenced to a third concurrent term of two hundred and twenty months under criminal docket number 06-CR- 467 (CBA). Petitioner files the instant motion seeking to appeal to this court his convictions and sentence under all three docket numbers. Petition at 4.

      Liberally construed, the Court would normally treat the instant application as a motion under 28 U.S.C. § 2255. 28 U.S.C. § 2255 provides that a defendant may collaterally attack his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. However, the Second Circuit has cautioned the district court against converting mislabeled applications in light of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") § 106, 28 U.S.C. § 2244, which prohibits second or successive applications for the writ without the Circuit

1

Court's permission. Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998) (*per curiam*), see also Castro v. United States, 540 U.S. 375 (2003). The Second Circuit ruled that "a motion purportedly made under some other rule" should not be:

> recharacterize[d] ... as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

Adams, 155 F.3d at 584.

Accordingly, petitioner is hereby notified that the Court finds that the instant motion, notwithstanding its designation, should be construed as a motion under 28 U.S.C. § 2255. Petitioner may withdraw the petition without prejudice if he does not wish to pursue relief under §2255. Should petitioner choose to withdraw the petition, he must notify the Court in writing within 30 days. Before petitioner decides to withdraw the instant petition, the Court advises him that any motion under § 2255 must generally be filed within one-year of the date on which the judgment of conviction becomes final. Moreover, the Court may only consider one application under § 2255 without the permission of the Court of Appeals.

No answer shall be required at this time and all further proceedings shall be stayed for 30 days from the date of the instant Order. If petitioner fails to notify the Court within 30 days that he wishes to withdraw this petition, it shall be treated as a motion under 28 U.S.C. § 2255.

Dated: Brooklyn, New York
Nov. 18, 2008

s/ CBA
CAROL BAGLEY AMON
United States District Judge

2